SERAFÍN ALFARO and RAMÓN CALERO, Petitioners and Appellees, *v.* MUNICIPAL ASSEMBLY OF ISABELA, Respondent and Appellant.

No. 3778. Argued May 28, 1926.—Decided July 16, 1926.

*Guerra Mondragón & Soldevila* for the appellant. *Leopoldo Feliú* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the certiorari proceeding in which this appeal was raised the petition was filed in the lower court on July 1, 1925. Judgment was rendered on the 12th of the following month and appealed from on the same day. Although the transcript of the record covers only 27 pages, it was not

brought up to the Supreme Court until the 20th of October. The appellant then obtained various extensions of time for filing its brief and it was not filed until five months later, or on March 15, 1926, and two days thereafter the court set the date for the hearing. The hearing was postponed at the instance of the appellant with the consent of the appellees, and the case was reset for May 28, 1926, on which date it was heard. We recite these details in order to show that if this case has been delayed, notwithstanding the fact that it involves the validity of the budget of the Municipality of Isabela for the fiscal year 1925-1926, it was due to the action of the parties, for although the judgment was appealed from on August 12, 1925, the appeal could not be heard until nine months later when this court was about to adjourn and had pending before it a large number of cases that it was endeavoring to dispose of before adjournment.

Serafín Alfaro and Ramón Calero alleged in the District Court of Aguadilla that they were members of the Municipal Assembly of Aguadilla and taxpayers of the said municipality, and petitioned for a writ of certiorari for the annulment of two resolutions of the said municipal assembly adopted at a meeting of the said assembly held on June 18, 1925, the first declaring vacant the offices of assemblymen held by the petitioners and the second approving the municipal budget for the fiscal year beginning July 1, 1925, and ending June 30, 1926, notwithstanding the fact that the mayor had vetoed on the 15th of June the same budget as it had passed the municipal assembly on the 10th of June.

The judgment rendered in this case was favorable to the petitioners, who, in answer to the brief of the respondent on appeal, say, in the first place, that this court should dismiss the appeal, because no such remedy lies in special proceedings unless expressly or impliedly conferred. Nevertheless, section 295 of the Code of Civil Procedure authorizes appeals from judgments rendered by the district courts

in actions or special proceedings and this is a special proceeding. Consequently the appeal lies and will not be dismissed.

The appellant municipal assembly assigns six errors as grounds for the appeal, of which the first five are said to have been committed by the lower court in overruling the grounds alleged in its motion to discharge the writ issued, and the sixth in rendering judgment granting the petition and annulling the resolutions complained of.

The appellant moved in the lower court that the writ issued be discharged for the following reasons, which, as we have stated, are the first assigned on appeal: 1st, that the petition for the writ of certiorari does not contain facts sufficient to constitute a cause of action; 2nd, that the petition is uncertain and ambiguous; 3rd, that two causes of action are improperly joined, or two causes of action are improperly attempted to be established; 4th, that the writ should not be issued, because it would cause serious injury to the public interests of the Municipality of Isabela and would disturb its municipal administration.

Section 65 of the Municipal Law confers jurisdiction upon the district courts, at the instance of an aggrieved party, to annul or review by certiorari any legislative or administrative act of the municipal assembly which may infringe the constitutional rights of the complainants, or which is contrary to the Organic Act or the laws of Porto Rico.

The appellees, petitioners in the lower court, averred in their petition their capacity, as we have stated, and the names of the seven persons who compose the Municipal Assembly of Isabela; that the said assembly, at its special meeting held on June 18, 1925, attended by all of its members, by a vote of four against three, unlawfully and in open and manifest violation of the Municipal Law, by assuming functions which it did not have, by usurping powers with which it was not and is not vested, and by invoking section 20 of the Municipal Law, passed a resolution declaring

vacant the offices of the petitioners in the said assembly against which the said petitoners protested at once and then withdrew from the said meeting; that at the same meeting, in the absence of the petitioners, and there being present only the other five members of the seven of which the municipal assembly consists, the said assembly passed a resolution approving the municipal budget of the said municipality for the fiscal year 1925–1926 over the veto of the mayor, who had vetoed the budget approved on the 10th of June, 1925, this resolution being passed by a vote of four to one after having declared vacant the offices of the petitioners, for which reasons the said resolution approving the municipal budget is illegal and void, it having been passed in violation of the Municipal Law.

■■ In every complaint, and also in petitions for writs of certiorari, whether classic certiorari against judicial decisions or that allowed by the Municipal Law against legislative or administrative acts of the municipal assemblies, it is necessary to set up facts which, assuming them to be true, give rise to the remedy, and without this the court is not authorized to compel the production of the formalities underlying the legislative or administrative acts complained of and consider whether or not they are void, nor to compel the respondent to defend without knowing the facts on which the petition is based, and this would be sufficient ground for refusing to issue the writ, or for discharging it when the attention of the court is drawn to that fact. In 11 C. J. 184, section 296, the same principle is established.

In this case the petition for annulment of the resolution declaring vacant the offices of the petitioners is fatally defective, because it sets up only questions of law, which can not be pleaded in any complaint or petition, without any statement of facts, for it is said that the municipal assembly adopted the resolution illegally, in violation of the law and by usurping functions with which it was not vested, but

without reciting the facts from which, assuming them to be true, a court may reach the conclusion that the assembly acted beyond its powers or contrary to law. Moreover, according to that allegation the resolution was passed by the municipal assembly based on section 20 of the law which governs it, whereby the members of the municipal assembly are empowered to declare vacant the offices of the assembly-men who had been absent from the municipality, without justified cause, during a period of its sessions, and as in the petition it is not averred that such absence had not occurred, or, rather, that the petitioners attended the sessions, the petition is insufficient for the lack of that averment, no facts being stated therein to give rise to the remedy. The lack of sufficient facts in the petition also makes it uncertain, because it does not place the respondent in a position to know what allegation of facts it has to meet, or what defense it can make.

The complaint is also defective in that two causes of action are improperly joined. One is that asserted by the petitioners as assemblymen for annulment of the resolution of the assembly declaring their offices vacant, and the other is that asserted by them as taxpayers to obtain a decision declaring illegal the approval of the budget over the veto of the mayor, after declaring vacant the offices of the petitioners, by a vote of four of the remaining members. These actions can not be joined, because they are brought under different capacities, one as assemblymen for their offices, and the other as mere taxpayers independently of the former capacity and referring to different resolutions, although closely connected. In Spelling on Injunctions and Other Extraordinary Remedies, 2nd Ed., volume 2, pp. 1722 and 1723, section 1993, we find the following: "The objection that more than one cause of action has been improperly joined in the same petition, lies to these, as to other petitions or complaints, in proper cases. Accordingly, it was held

that two distinct final orders or decrees of the commissioners' court, one establishing a road, and the other granting a license to keep a ferry, could not be taken in the circuit court by one writ of certiorari, although the ferry was a part of the road."

The fact that issuing the writ of certiorari may seriously injure the public interests and be the cause of delay to the administration is not a sufficient ground for denying the writ if the petitioner has a clear right to it, but that fact should be taken into consideration when the petition is not clear in its averments.

In view of the conclusions stated we are of the opinion that the lower court erred in not granting the respondent's motion to discharge the writ without going into the merits of the case, and for this reason we shall not consider the last error assigned by the appellant, consisting in sustaining the petition and annulling the resolutions referred to.

The judgment appealed from should be reversed and substituted by another declaring that the petition does not aver facts sufficient to justify the issuing of the writ, and discharging the writ issued, without special imposition of costs.